USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__9/24/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMAR JOHNSON,

Plaintiff,

-against-

D.O.C./STATE OF NEW YORK,

Defendant.

21-CV-7158 (VEC)

ORDER OF SERVICE

VALERIE E. CAPRONI, United States District Judge:

Plaintiff Kamar Johnson, who is currently incarcerated in the George R. Vierno Center on Rikers Island, filed this complaint *pro se*, under 42 U.S.C. § 1983, regarding events occurring in the "2 Upper (housing area)" of the Otis B. Bantam Center (O.B.B.C.) on March 31, 2020. According to the complaint, several members of the Bloods gang attacked Plaintiff in the presence of a "block C.O.," who did not stop the assault, and then sprayed Plaintiff with a chemical agent. Plaintiff was then housed in the intake unit and forced to sleep on a dirty floor for 17 days, and was not given access to a shower for 20 days. (ECF 2 ¶ V.)

By order dated September 20, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.      Claims against "D.O.C./State of New York"

Plaintiff's claims against the New York City Department of Correction must be dismissed

because city agencies or departments do not have the capacity to be sued under New York law.

*See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009)

("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*,

185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely

administrative arms of a municipality do not have a legal identity separate and apart from the

municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term

'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

Plaintiff's claims against the State of New York also must be  dismissed. Plaintiff is in

city custody, not state custody, and thus the State of New York has no involvement in the events

giving rise to this complaint. In any event, Plaintiff's § 1983 claims against the State of New

York are barred by the Eleventh Amendment. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir.

2009).

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of

New York, the Court construes the complaint as asserting claims against the City of New York,

and directs the Clerk of Court to amend the caption of this action to replace "D.O.C./State of

New York" with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without

prejudice to any defenses the City of New York may wish to assert. The Court also directs the

Clerk of Court to add as a defendant, under Rule 21, the John Doe correction officer.

**B.      Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and

the New York City Law Department of this order. The Court requests that the City of New York

waive service of summons.

**C.      John Doe defendant**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies

sufficient information to permit the New York City Law Department to identify the John Doe

correction officer who was involved in the incident occurring in the 2 Upper housing area of

O.B.C.C. on March 31, 2020. It is therefore ordered that the New York City Law Department,

which is the attorney for and agent of the New York City Department of Correction, must

ascertain the identity and badge number of the John Doe whom Plaintiff seeks to sue here and the

address where the defendant may be served.[2] The New York City Law Department must provide

this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint

naming the John Doe defendant. The amended complaint will replace, not supplement, the

---

[2] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

original complaint. An amended complaint form that Plaintiff should complete is attached to this

order. Once Plaintiff has filed an amended complaint, the Court will screen the amended

complaint and, if necessary, issue an order asking Defendant to waive service.

**D.     Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to

respond to specific, court-ordered discovery requests, applies to this action. Those discovery

requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil

Rule 33.2 Interrogatories and Requests for Production of Documents." Within 90 days of the date

of this order, Defendants must serve responses to these standard discovery requests. In their

responses, Defendants must quote each request verbatim.[3]

**CONCLUSION**

The Court dismisses Plaintiff's claims against D.O.C./State of New York. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii). The Clerk of Court is directed to add as defendants, under Fed. R. Civ. P. 21,

the City of New York, and the John Doe O.B.C.C. correction officer.

The Clerk of Court is further directed to electronically notify the New York City

Department of Correction and the New York City Law Department of this order. The Court

requests that Defendant the City of New York waive service of summons.

The Clerk of Court is also directed to mail a copy of this order and the complaint to the

New York City Law Department at: 100 Church Street, New York, N.Y. 10007.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together

with an information package. An "Amended Complaint" form is attached to this order.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses
and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 24, 2021
         New York, New York

_____
            VALERIE E. CAPRONI
            United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.      PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                                      State                      Zip Code

## III.      PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6