UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KAMAR JOHNSON,

                    Plaintiff,                    Index No.: 21 CV 7158 (VEC)

       -*against*-                     **FIRST AMENDED COMPLAINT**

CITY OF NEW YORK and                  Plaintiff Demands Trial by Jury
CORRECTION OFFICER THOMAS GANDLEY,

                    Defendants.
-----------------------------------------------------------------X

Plaintiff, KAMAR JOHNSON, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF CORRECTION OFFICER THOMAS GANDLEY, Shield No.: 6995 ("C.O." GANDLEY"), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, KAMAR JOHNSON, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

5. At all times relevant to this Complaint, plaintiff KAMAR JOHNSON was a pre-trial detainee in the custody of the New York City Department of Corrections.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a corrections department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a corrections department and the employment of corrections officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant corrections officer.

7. Defendant DOC OFFICER THOMAS GANDLEY was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York City Department of Corrections, a municipal agency of the City of New York. At all times relevant herein, defendant C.O. GANDLEY acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Department of Corrections, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York City Department of Corrections, and was otherwise

performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

8. At all times relevant to this Complaint, plaintiff was in the custody of the New York City Department of Corrections, housed at the Otis Bantum Correctional Center ("OBCC") on Riker's Island.

9. Plaintiff alleges that on March 31, 2020, while in custody of the New York City Department of Corrections, he was attacked by other inmates, upon information and belief, members of the Bloods prison gang, while the defendant, C.O. GANDLEY, stood by and did nothing as plaintiff was viciously attacked.

10. Plaintiff further alleges that C.O. GANDLEY purposely and wantonly sprayed him with a chemical substance, even though it should have been apparent that he was the victim of an attack and not a perpetrator.

11. Plaintiff further alleges that he was put into an intake cell and held there for approximately twenty days with no access to a shower and the chemical substance still on his body and in his eyes.

12. At no time during this incident did plaintiff commit any act for which the level of force deployed by the defendant would be a reasonable response.

13. At no time during this incident did the defendant have any reason to believe that his actions were justified.

14. At all times relevant to this incident the defendant acted with wonton disregard for the rights and safety of plaintiff.

15. As a result, plaintiff suffered serious physical injury, disfigurement, mental anguish, extreme emotional distress, public humiliation, and the violation of his constitutional right to be free from excessive force.

## AS FOR A FIRST CAUSE OF ACTION

*Failure to Protect and Deliberate Indifference as against defendant DOC OFFICER THOMAS GANDLEY in in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983*

16. Plaintiff repeats reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

17. At all times during the events described above, plaintiff was in the custody of the New York City Department of Corrections.

18. At all times during the events described above, defendant C.O. GANDLEY was duly appointed corrections officer with a duty to protect plaintiff from known harm.

19. At all times during the events described above, defendant C.O. GANDLEY acted under the color of state law, as a duly appointed corrections officer.

20. At all times during the events described above, defendant C.O. GANDLEY was aware of the threat to plaintiff's safety and fully cognizant of the looming attack on plaintiff's person.

21. At all times relevant, defendant C.O. GANDLEY knowingly and intentionally ignored the threat to plaintiff's safety and allowed inmates to attack plaintiff.

22. As a result of defendant C.O. GANDLEY's failure to protect and deliberate indifference, plaintiff did suffer injury, not limited to bruising on his head, face and body, emotional distress, mental anguish, public humiliation and the violation of his constitutional rights.

23. Defendant C.O. GANDLEY is liable to plaintiff for his failure to protect plaintiff from during the events described above and for his deliberate indifference to plaintiff's safety and rights.

24. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourteenth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, particularly his right to be protected from harm while in custody.

## AS FOR A SECOND CAUSE OF ACTION

*Excessive Force as against defendant DOC OFFICER THOMAS GANDLEY in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983*

25. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

26. At all times during the events described above defendant C.O. GANDLEY lacked probable cause to use force against plaintiff.

27. All of the aforementioned acts of defendant C.O. GANDLEY were carried out under the color of state law.

28. The acts complained of were carried out by defendant C.O. GANDLEY in his capacities as a corrections officer, with all actual and/or apparent authority afforded thereto.

29. As a result of the defendant's wanton and illegal misuse of force plaintiff did suffer damages, including but not limited to pain, injury, emotional distress, mental anguish and public humiliation and the violation of his constitutional rights.

30. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourteenth Amendment to the

Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, particularly his right to be free from excessive force while in custody.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

27. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

28. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant C.O. GANDLEY. The conduct of the defendant officer was a direct consequence of inadequate training and supervision of corrections officers by defendant CITY OF NEW YORK and its agent, the New York City Department of Corrections.

29. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York City Department of Corrections, had in effect policies, practices, and customs that allowed for a corrections officer to use force against an inmate without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

30. At all times relevant to this complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its corrections officers, thereby failing to adequately discourage the misuse of force as described in this Complaint.

31. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York City Department of Corrections, corrections officers – including the defendants at the time and place of the incidents relevant to this Complaint – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

32. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: December 23, 2021
New York, NY        By:        */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
*KAMAR JOHNSON*
378 Lewis Avenue #6
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com